NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IVAN COLLADO, | |
| Plaintiff | CIV. NO. 20-479 (RMB-KMW) |
| v. | **OPINION** |
| WARDEN DAVID KELSEY, *et al.*, | |
| Defendants | |

BUMB, DISTRICT JUDGE

Plaintiff Ivan Collado, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed this civil rights action on January 14, 2020. (Compl., ECF No. 1.) In lieu of the filing fee, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the

> trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff's account statement is not certified by an appropriate official from the prison, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

For the reasons discussed below, the Court would dismiss the complaint upon screening.

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

    A.  The Complaint

4

Plaintiff incorporates his Affidavit (Dkt. No. 1-2) as his statement of claims for this Bivens[3] action against the warden of FCI Fort Dix, the Superintendent of FCI Fort Dix Visitation, "Jane Doe" Lieutenant at FCI Fort Dix, and "John Doe" Correctional Officers. Plaintiff's complaint arises out of an incident in the Visitation Room at FCI Fort Dix on December 14, 2019, when Plaintiff alleges an unknown correctional officer wrongly accused him of committing a code violation for a sexual act. (Compl., Dkt. No. 1-2, ¶1.) As a result of the accusation, Plaintiff was placed in the disciplinary housing unit, where he was visited by a Discipline Hearing Officer ("DHO.") (Id. ¶3.) Plaintiff alleges that he told the DHO he was innocent and asked him to watch the video footage of the Visitation Room to confirm his innocence. (Id. ¶5.) Plaintiff alleges the DHO watched the video, stated he did not see a sexual act, and Plaintiff was released from the

---

[3] There is no statutory right to bring a claim for money damages for violation of the United States Constitution by a federal actor, but in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics and several other cases, the Supreme Court recognized an implied remedy for damages. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017). Before a court may find an implied remedy for damages, the court must first determine whether the claim is brought in a new context from those three cases recognized by the Supreme Court, and if so, a court must determine whether special factors counsel hesitation in implying a damages remedy. Id. 1856-63. Because the complaint here fails to state a cognizable constitutional claim, the court will defer the analysis described in Abbasi.

disciplinary housing unit on December 26, 2019. (Compl., Dkt. No. 1-2, ¶5.)

However, Plaintiff alleges he incurred "a 2 year loss of visiting privileges, commissary, and good time as punishment," without an opportunity to view the camera footage and deny the charge, in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights under the Constitution. (Id., ¶¶7-8.) Plaintiff further alleges that he filed an administrative remedy appeal with the Bureau of Prisons Northeast Regional Office regarding this issue. (Id., ¶9.) For relief in this Bivens action, Plaintiff seeks monetary damages. (Id., ¶13.)

On May 4, 2020, Plaintiff submitted a letter to the Court, complaining of retaliation against him for filing the complaint in this action. In that letter, Plaintiff alleges that on April 24, 2020, the room he shared at FCI Fort Dix was searched and he was accused of a disciplinary code violation for possession of handmade knives that were found in the room. Plaintiff alleges he was not in possession of the knives. (Letter, Dkt. No. 2.) Plaintiff submitted another such letter to the Court on May 11, 2020, seeking to have this new disciplinary code violation against him dismissed based on his allegation that the charge was in retaliation for filing the complaint in this action. (Letter, Dkt. No. 3.) On June 12, 2020, the Court received a letter from Plaintiff's girlfriend,

seeking investigation of the accusation against Plaintiff for his alleged possession of homemade knives arising out of the search conducted on April 24, 2020. (Letter, Dkt. No. 4.)

B.  Bivens Action

The Supreme Court, in Wolff, held that the minimum due process required for disciplinary hearings where prisoners are deprived of good time credits include: 1) advance written notice, no less than 24 hours before the hearing, of the claimed violation; 2) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken; 3) to call witnesses and present documentary evidence in defense when permitting such will not be unduly hazardous to institutional safety or correctional goals; 4) where an illiterate inmate is involved or whether the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate or help from the staff; and 5) an impartial decisionmaker. Wolff v. McDonnell, 418 U.S. 539, 560-571 (1974). Prisoners do not have a Sixth Amendment right to counsel in prison disciplinary proceedings. Id. at 556. Therefore, upon conclusive screening of the complaint after Plaintiff obtained *in forma pauperis* status, the Court would dismiss with prejudice Plaintiff's Sixth Amendment claim.

7

Loss of good conduct time, loss of commissary and visitation privileges and imposition of administrative segregation following a prisoner disciplinary proceeding do not violate the Eighth Amendment cruel and unusual punishments clause if the sanctions fall within the range of sanctions described in 28 C.F.R. § 541.13. Millard v. Hufford, 415 F. App'x 348, 350 (3d Cir. 2011). Plaintiff has not fully described the sanctions that were imposed from the December 14, 2019 disciplinary infraction. If this case was reopened, the Court would dismiss this claim without prejudice.

A prisoner may have a civil rights action for money damages for a procedural due process violation under the Fifth Amendment when the due process violation resulted in a loss of good time credits. See Schreane v. Marr, 722 F. App'x 160, 166 (3d Cir. 2018) (dismissal of procedural due process claim for money damages that would invalidate loss of good time credits is without prejudice and may be renewed upon a successful petition for writ of habeas corpus.) In an analogous situation, when a state prisoner brought a civil rights action challenging his conviction and sentence, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

8

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In Edwards, the Supreme Court extended the "Heck doctrine" to circumstances where a prisoner's civil rights action would imply the invalidity of the loss of good time credits after a prison disciplinary hearing. Edwards v. Balisock, 520 U.S. 641, 644-45 (1997). The Court held that a prisoner must first obtain a writ of habeas corpus to prove that the disciplinary finding of guilt was invalidated. Id. at 645-46. Thus, when a prisoner raises such a claim for damages without first obtaining habeas relief, the court must dismiss the claim without prejudice. Id. at 649. Here, Plaintiff claims he was innocent of the disciplinary code violation. Plaintiff does not allege that he obtained habeas corpus relief for the alleged December 14, 2019 code violation, only that he appealed to the Northeast Regional Office. Therefore, upon conclusive screening of the complaint, the Court would dismiss Plaintiff's Fifth Amendment due process claim without prejudice because it is barred by the Heck doctrine. See Schreane, 722 F. App'x at 166 (dismissing procedural due process and retaliation claims without prejudice).

9

Additionally, this Court cannot investigate or rule on the disciplinary charge brought against Petitioner at FCI Fort Dix after contraband was allegedly found when his room was searched on April 24, 2020. The Court is limited to reviewing prison disciplinary hearings that result in loss of good time credits in a petition for writ of habeas corpus under 28 U.S.C. § 2241, after a prisoner exhausts his administrative remedies with the Bureau of Prisons. See e.g. Denny v. Schultz, 708 F.3d 140 (3d Cir. 2013). Therefore, if Plaintiff reopened this action and obtained *in forma pauperis status*, he would be required to pay the filing fee in installments and the Court would dismiss the action without prejudice because it is Heck-barred and otherwise fails to state a claim for relief.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: June 18, 2020

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**